IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | |
| v. | : | |
| | : | |
| MILTON DEJESUS-BONES | : | NO. 79-61 |

## **MEMORANDUM**

Presently before me is a *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b) motion filed by Milton DeJesus-Bones.[1] DeJesus-Bones, who is currently incarcerated at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, seeks relief from judgment by challenging the "correctness of the denial of his 28 U.S.C. § 2255" motion. For the reasons that follow, DeJesus-Bones' motion will be denied.[2]

**FACTS AND PROCEDURAL HISTORY:**

Forty-four years ago, in 1979, DeJesus-Bones pled guilty to conspiracy to possess and distribute a controlled substance as well as unlawful carrying of a firearm during the commission of a felony. According to the docket, over the next forty-two years, DeJesus-

---

[1] In previous filings, Petitioner has filed under the name "Milton DeJesus Bones;" however, in the instant motion he has captioned his motion and signature line with the name "Milton DeJesus-Bones." As a result, I will refer to Petitioner as "DeJesus-Bones" in the instant matter rather than "Bones."

[2] It plainly appears from the petition that DeJesus-Bones fails to state a claim upon which relief may be granted. As a result, I did not order an answer from Respondents as it would have unnecessarily delayed the judicial process. Accordingly, the facts and procedural history recited herein are derived exclusively from DeJesus-Bones' Rule 60(b) motion and the docket.

Bones did not challenge his conviction or sentence.³ In the past two years, however, DeJesus-Bones has filed two *pro se* petitions for a writ of *coram nobis* arguing that he suffers "continuing consequences" from his allegedly constitutionally invalid conviction. I denied both petitions as meritless.

In the instant Rule 60(b) motion, DeJesus-Bones asserts that the denial of his § 2255 motion should be vacated because: (1) his motion was not afforded "liberal construction" and (2) he was not given an evidentiary hearing.

**DISCUSSION:**

DeJesus-Bones is not entitled to relief under Rule 60(b). In the absence of a more specific claim, I construe DeJesus-Bones' motion as one brought pursuant to Rule 60(b)(6), a catch-all provision that allows a district court to vacate a prior judgment for "any other reason that justifies relief." To bring a motion within the "other reason" language of Rule 60(b)(6), a petitioner must allege "extraordinary circumstances" suggesting that the petitioner is faultless in any delayed filing. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993).

DeJesus-Bones has not provided any information concerning the date his § 2255 motion was filed or the claims presented in the motion. The court's paper docket does not show that a § 2255 motion was ever filed in this case. Moreover, a circuit-wide

---

³Consideration of DeJesus-Bones' claims has been impeded by the age of his conviction, the current unavailability of his archived file, and the fact that his case has been preserved on a paper rather than electronic docket.

electronic docket search was unavailing. As a result, his Rule 60(b) motion must be dismissed because there is no "prior judgment" to vacate.

If DeJesus-Bones is characterizing one of his previously filed petitions for *coram nobis* as a § 2255 motion, this argument is also meritless. Rather than setting forth any specific constitutional claims which would provide a basis for relief, DeJesus-Bones generally refers to my failure to afford his claims "liberal construction" and to grant him an evidentiary hearing. Such vague claims do not provide the basis for re-opening a prior judgment. In any event, he has also failed to set forth any evidence of extraordinary circumstances which would justify revisiting his conviction or sentence. *See Gonzalez v. Crosby*, 545 U.S., 524, 535 (2005) (extraordinary circumstances justifying 60(b) relief are rarely established in the habeas context). As a result, his motion is denied.

An appropriate order follows.